JOHN W. SPIEGEL (State Bar No. 78935)
john.spiegel@mto.com
LAUREN C. BARNETT (State Bar No. 304301)
lauren.barnett@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

ACHYUT J. PHADKE (State Bar No. 261567)
achyut.phadke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendants MATTEL, INC.;
YNON KREIZ; and JOSEPH J.
EUTENEUER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CAROL WYATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., YNON KREIZ, and JOSEPH J. EUTENEUER,<br><br>Defendants. | Case No. 2:19-cv-01646-CBM-MAA<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Filed Concurrently:<br><br>- Notice of Motion & Motion to Dismiss<br>- Memorandum of Points & Authorities<br>- Declaration of Lauren C. Barnett<br>- [Proposed] Order<br><br>Date:  December 10, 2019<br>Time: 10:00 a.m.<br>Ctrm:  8B<br>Judge: Hon. Consuelo B. Marshall |

## I.      Introduction

In connection with their Motion to Dismiss the Amended Class Action Complaint ("Complaint"), Defendants Mattel, Inc., Ynon Kreiz, and Joseph J. Euteneuer respectfully request that the Court consider certain documents that are incorporated by reference in the Complaint or subject to judicial notice.

In evaluating the sufficiency of a complaint subject to the PSLRA, a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering [incorporated and judicially noticeable] materials in evaluating a securities complaint.").

The Court may consider Exhibits 1, 2, and 5-8 because they are incorporated by reference in the Complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)).  In addition, each of Exhibits 1-11 is subject to judicial notice under Federal Rule of Evidence 201(b).  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that district court properly took judicial notice of "publicly available financial documents, including a number of . . . SEC filings"); *Young v. Ault*, 2019 WL 1718676, at *3 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of 24 "SEC filings and the undisputed facts contained therein, as well as all matters of public record") (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

The documents are exhibits to the Declaration of Lauren C. Barnett, as follows:

| Ex. | Description | Page |
|---|---|---|
| 1 | Transcript: MAT – Q3 2017 Mattel Inc Earnings Call dated October 26, 2017 | 1 |
| 2 | Transcript: MAT – Q4 2017 Mattel Inc Earnings Call dated February 1, 2018 | 26 |
| 3 | Transcript: Toy Fair Analyst Meeting dated February 16, 2018 | 50 |
| 4 | Excerpts from the Mattel, Inc. 2017 Form 10-K Annual Report dated February 27, 2018[1] | 94 |
| 5 | Transcript: MAT – Q3 2018 Mattel Inc Earnings Call dated October 25, 2018 | 109 |
| 6 | Mattel, Inc. Form 8-K Press Release dated February 7, 2019 | 124 |
| 7 | Transcript: MAT – Q4 2018 Mattel Inc Earnings Call dated February 7, 2019 | 143 |
| 8 | Transcript: Toy Fair Analyst Meeting dated February 15, 2019 | 158 |
| 9 | Jefferies Analyst Report for Mattel dated October 26, 2018 | 179 |
| 10 | Citi Research Analyst Report for Mattel dated February 7, 2019 | 191 |
| 11 | Bank of America Merrill Lynch Analyst Report for Mattel dated February 8, 2019 | 200 |

## II.    Exhibits 1, 2, and 5-8 Are Incorporated by Reference

The Court may consider Exhibits 1, 2, and 5-8 because their contents are alleged throughout Plaintiffs' Complaint and form the basis of Plaintiffs' claims and their authenticity cannot be questioned.  *See Knievel*, 393 F.3d at 1076-77; *In re Edward D. Jones and Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (incorporating by reference 26 documents); *Diaz*, 2019 WL 1873291 at *3;

---

[1] Mattel's 2017 Form 10-K (filed Feb. 27, 2018) is voluminous and, in the interests of efficiency, Defendants file only relevant excerpts.  Of course, Mattel will file the Form 10-K in its entirety at the Court's request.

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*14 (C.D. Cal. Apr. 14, 2015) ("[w]here a document has been incorporated by reference in a complaint, a court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)" and "can consider the entire document, not simply the portion on which plaintiffs rely") (citation omitted).  The incorporation by reference doctrine therefore permits this Court to consider the full text of Exhibits 1, 2, and 5-8 when ruling on Defendants' motion to dismiss.

These exhibits are incorporated by reference in the Complaint as follows: Exhibit 1 is cited in the Complaint at paragraphs 33-34.  Exhibit 2 is cited in the Complaint at paragraph 35.  Exhibit 5 is cited in the Complaint at paragraphs 7, 43-44.  Exhibit 6 is cited in the Complaint at paragraphs 8, 47, 58-59.  Exhibit 7 is cited in the Complaint at paragraphs 8, 48-51, 60-61, 63-65, 78.  Exhibit 8 is cited in the Complaint at paragraphs 11, 53-55, 71-72.[2]

## III.    Exhibits 1-11 are Subject to Judicial Notice

### A.    Earnings Call and Mattel Analyst Meeting Transcripts

Exhibits 1, 2, 3, 5, 7, and 8 are transcripts from Mattel's earnings calls and meetings with analysts.  Defendants request that the Court take notice of these transcripts to enable it to consider the disclosures to investors contained therein.  Courts routinely take judicial notice of investor meeting and conference call transcripts in securities actions, and the Court should do so here. *See, e.g. Wochos v. Tesla, Inc.*, 2019 WL 1332395, at \*2 (N.D. Cal. Mar. 25, 2019) (earnings call transcripts were "appropriate subjects of judicial notice") (internal quotation marks omitted); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at \*4 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take judicial notice of press releases, news articles,

---

[2] As noted in Section III below, each of these exhibits is also subject to judicial notice.

SEC filings, and conference call transcripts cited in securities complaints."); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (judicial notice of transcripts of analyst conference calls and PowerPoint presentations shared with analysts); *N.Y. State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, 2009 WL 3112574, at *1 (C.D. Cal. Sept. 25, 2009) (judicial notice of "a variety of SEC filings; transcripts from earnings calls and an investor presentation during the class period").

### B.    SEC Filings

Exhibits 4 and 6 are two of Mattel, Inc.'s SEC filings (Forms 10-K and 8-K) filed with the SEC and accessible on the SEC's website.  Defendants request that the Court take notice of these SEC filings to enable it to consider disclosures to investors contained therein.  Courts routinely take judicial notice in securities actions of public filings with the SEC.  *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("[T]he Court may properly take judicial notice of Amended Exhibit 9 since SEC filings are routinely subject to judicial notice."); *Wochos*, 2019 WL 1332395, at *2 (SEC filings were "appropriate subjects of judicial notice" because "[g]iven that Tesla publicly filed these documents, their accuracy cannot reasonably be questioned") (internal quotation marks omitted); *Young*, 2019 WL 1718676, at *3; *Ixia*, 2015 WL 1775221, at *15 ("Courts can take judicial notice of securities offerings and corporate disclosure documents that are publicly available." (citing *Metzler*, 540 F.3d at 1064 n.7).

### C.    Market Analyst Reports

Exhibits 9-11 are three market analyst reports regarding Mattel.  Defendants request that the Court take notice of these analyst reports for the "limited purpose of determining what information was disclosed to the public during the class period." *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (granting judicial notice of "public analyst reports"); *see Patel v. Parnes*, 253 F.R.D. 531, 548-49 (C.D. Cal. 2008) (taking judicial notice of analyst reports

because they relate to "whether and when information was provided to the market") (internal quotation marks omitted).  "[C]ourts routinely take judicial notice of analyst reports" in securities litigation for this purpose.  *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at \*9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 704 F.3d 1119 (9th Cir. 2013) *and aff'd*, 729 F.3d 1104 (9th Cir. 2013).  In addition, the Court may take judicial notice of these reports because Plaintiffs quote other comparable analyst reports in the Complaint.  (Complaint ¶¶ 34, 46); *see, e.g.*, *Reinschmidt v. Zillow, Inc.*, 2014 WL 5343668, at \*3 (W.D. Wash. Oct. 20, 2014) (judicial notice of "competing analyst reports" not cited in complaint); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (judicial notice of analyst reports which were "comparable in form and content to the numerous reports that Plaintiffs heavily quote in the Complaint").

DATED:  August 22, 2019

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
   JOHN W. SPIEGEL
   ACHYUT J. PHADKE
   LAUREN C. BARNETT

By:      */s/ Achyut J. Phadke*
          ACHYUT J. PHADKE
Attorneys for Defendants MATTEL, INC.,
YNON KREIZ, and JOSEPH J. EUTENEUER

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS